# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>TARAMESHA FOUNTAIN, DEFENDANT | CASE NUMBER<br><br>2:06-CR-147-WKW |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

**COMES NOW** the defendant, Taramesha Fountain, by and through his counsel of record and requests that this Honorable Court instruct the jury with the attached jury charges:

**RESPECTFULLY SUBMITTED** this the 6th day of October, 2006.


**/s/ Daniel G. Hamm**

DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE DEFENDANT
**DANIEL HAMM, P.C.**
560 S. MCDONOUGH ST., STE.
MONTGOMERY, ALABAMA 36104
TELEPHONE     334-269-0269
FAX           334-323-5666

# JUDGING THE EVIDENCE

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case for only those purposes for which it has been received and to give such evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not probed beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of providing guilty beyond a reasonable doubt is always assumed by the government.

*§ 12.02 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## EVIDENCE RECEIVED IN THE CASE-STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED

The evidence in this case consist of the sworn testimony of the witnesses, regarding of who may have called them, all exhibits received in evidence, regardless of who may have produced them, all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence receive in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you

are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

§ 12.03 *Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## INFERENCES FROM THE EVIDENCE

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

*§ 12.05 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF AND
## REASONABLE DOUBT

I instruct you that you must presume the Defendant to be innocent of the crime charged. Thus the Defendant, although accused of a crime in the indictment, begins the trial with a "clean slate"-with no evidence against her. The indictment, as you already know, is not evidence of any kind. The Defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone therefore, is sufficient to acquit the Defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The Defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government proves guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense-the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the Defendant has committed each and every element of the offense charged in the indictment, you must

find the defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions-one of innocence, the other of guilt-the jury must, of course, adopt the conclusion of innocence.

*§ 12.10 Federal Jury Practice and Instructions; Devitt, Blackmar, Wolff and O'Malley; West Publishing Co., 1992 with 1997 Pocket Part.*

## SINGLE DEFENDANT – MULTIPLE COUNTS

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

*Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Criminal Cases, Basic Instruction No. 10.2 (1985).*

## CONSIDER ONLY THE OFFENSE CHARGED

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

*§ 12.09 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

# CREDIBILITY OF THE DEFENDANT – THE DEFENDANT'S CONVICTION OF FELONY

Evidence that the defendant has been convicted of a felony is one of the circumstances that you may consider in determining the credibility of the defendant as a witness. Evidence of such an earlier conviction, however, must never be considered by you as evidence of any kind of guilt of the crime for which the defendant is now on trial. You are forbidden to use this kind of evidence for that purpose.

*§ 15.08 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## CREDIBILITY OF WITNESSES – THE DEFENDANT AS A WITNESS

You should judge the testimony of Defendant, Taramesha Fountain, in the same manner as you judge the testimony of any other witness.

*§ 15.12 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## DEFENDANT'S DECISION NOT TO TESTIFY

The Defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the Defendant, Taramesha Fountain, did not testify must not be discussed or considered by the jury in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his or her privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a Defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

*§ 15.14 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## "MERE PRESENSE" - DEFINED

Merely being present at the scene of a crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct to find that Defendant, Taramesha Fountain, committed that crime.

In order to find the Defendant guilty of the crime, the government must prove, beyond a reasonable doubt, that in addition to being present or knowing about the crime, Defendant, Taramesha Fountain, knowingly and deliberately associated herself with the crime in some way as a participant – someone who wanted the crime to be committed – not as a mere spectator.

*§ 16.09 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## PROOF OF KNOWLEDGE OR INTENT – RULE 404(B) EVIDENCE

Evidence that an act was done or that an offense was committed by Defendant, Taramesha Fountain, at some other time is not, of course, any evidence or proof whatever that, at another time, the Defendant performed a similar act or committed a similar offense, including the offense charged in this indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether the Defendant, Taramesha Fountain, actually performed the physical acts charged in this indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that the Defendant physically did the act charged in this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that the Defendant, Taramesha Fountain, did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which the Defendant, Taramesha Fountain, actually did the act or acts charged in the particular count.

The Defendant is not on trial for any acts or crimes not alleged in the indictment. Nor may a defendant be convicted of the crime(s) charged even if you were to find that he committed other crimes – even crimes similar to the one charged in this indictment.

*§ 17.08 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? *Pattern Jury Instruction of the District Judges Association of the Eleventh Circuit, Criminal Cases, Basic Instruction No. 5 (1985).*

## INFORMANT TESTIMONY

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because he wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

*Pattern Jury Instruction of the District Judges Association of the Eleventh Circuit, Criminal Cases, Basic Instruction No. 1.1 (1985).*

# THE INDICTMENT

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

*Pattern Jury Instruction of the District Judges Association of the Eleventh Circuit, Criminal Cases, Basic Instruction No. 2.2 (1985).*

# CONSIDER ONLY THE OFFENSE CHARGED

I caution you members of the Jury that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific offenses alleged in the indictment.

*Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Criminal Cases, Basic Instruction No. 10.1 (1985).*

## COUNT ONE: CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE

In order to sustain its burden of proof for the crime of possession of a controlled substance with intent to distribute that substance as charged in Counts One of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

*One*: That the Defendant, Taramesha Fountain and one or more other persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to possess with intent to distribute possessed more than 1,000 kilograms of marijuana;

*Two*: That the Defendant knew of the conspiracy; and

*Three*: That the Defendant knowingly and voluntarily became part of this conspiracy.

*United States v. Andrews, 953 F.2d 131 (11th Cir. 1992).*

The government must prove all of these elements beyond a reasonable doubt as to each separate count contained in the indictment in order to find the Defendant guilty for that count.

## COUNT TWO: POSSESSION WITH INTENT TO DISTRIBUTE

In order to sustain its burden of proof for the crime of possession of a controlled substance with intent to distribute that substance as charged in Counts Four of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

*One*: The Defendant, Taramesha Fountain, possessed approximately 240 pounds of marijuana.

*Two:* The Defendant knew that the substance was marijuana.

*Three*: The Defendant intended to distribute this controlled substance.

*§ 54.07 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990*

The government must prove all of these elements beyond a reasonable doubt as to each separate count contained in the indictment in order to find the Defendant guilty for that count.

# COUNT FOUR: USE OF A FIREARM IN RELATION TO, OR IN FURTHERANCE OF, A DURG TRAFFICKING OFFENSE

In order to sustain its burden of proof for the crime of using or carrying a firearm during and in relation to a drug trafficking crime, as charged in Count 4 of the indictment, the government must prove the following two essential elements beyond a reasonable doubt:

*One*: The Defendant, Taramesha Fountain, committed the crime of possession with intent to distribute cocaine base, cocaine, and marijuana, and conspiracy to possess with intent to distribute cocaine base, cocaine, and marijuana, and

*Two:* During and in relation to the commission of that crime, the defendant knowingly used or carried a firearm.

*§ 36.18 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990*

The government must prove all of these elements beyond a reasonable doubt as to each separate count contained in the indictment in order to find the Defendant guilty for that count.

# CREDIBILITY OF WITNESSES

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment you should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimonies of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollections, like failure of recollection, are not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and

consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

The testimony of a Defendant should be judged in the same manner as the testimony of any other witness

*§ 15.01 Federal Jury Practice and Instructions; Devitt, Blackmar, Wolff and O'Malley; West Publishing Co., 1992 with 1997 Pocket Part.*

## FELONY CONVICTION OF A WITNESS

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances that you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

*§ 15.07 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## NUMBER OF WITNESSES

Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

*Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Criminal Cases, Basic Instruction No. 5 (1985).*

## ABSENCE OF WITNESS

If it is peculiarly within the power of either the government or the defense to produce a witness who could give relevant testimony on an issue in the case, failure to call that witness may give rise to an inference that this testimony would have been unfavorable to that party. No such conclusion should be drawn by you, however, with regard to a witness who is equally available to both parties or where the testimony of that witness would be merely cumulative.

The jury must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

*§ 14.15 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

# POSSESSION

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

*United States v. Hastamorir, 881 F.2d 1551 (11th Cir. 1989) approved this instruction.*

*Pattern Jury Instructions (Criminal Cases), District Judges Association for Eleventh Circuit, West 1997 Edition, 6*

## "KNOWINGLY" - DEFINED

The word "knowingly," as that term has been used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

*Pattern Jury Instructions (Criminal Cases), District Judges Association for Eleventh Circuit, West 1997 Edition, 9.2*

## "WILFULLY" - DEFINED

The word "Willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

*Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Criminal Cases, Basic Instruction No. 9.1 (1985).*

## "WITH INTENT TO DISTRIBUTE" - DEFINED

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

*Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Instruction No. 60 (1985).*

## "TO . . . DISTRIBUTE" - DEFINED

The term "to . . . distribute", as used in these instructions, means to deliver or to transfer possession or control of something from one person to another.

The term "to . . . distribute" includes the sale of something by one person to another.

*§ 54.04 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## "A CONTROLLED SUBSTANCE" - DEFINED

You are instructed, as a matter of law, that marijuana, cocaine, and methamphetamine are controlled substances.

It is solely for the jury, however, to determine whether or not the government has proven beyond a reasonable doubt that the defendant possessed with intent to distribute, or conspired to possess with intent to distribute, a substance which was marijuana, cocaine, or methamphetamine.

*Modified from § 54.13 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

## TRANSCRIPT OF TAPE RECORDED CONVERSATION

Members of the Jury:

As you have heard, Exhibit _____ has been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence as Exhibit _____.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording.

However, you are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation is entirely for you to determine based upon your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

*Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Criminal Cases, Basic Instruction No. 5 (1985).*

# EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field – one who is called an expert witness – is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

*Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Criminal Cases, Basic Instruction No. 7 (1985).*

# CERTIFICATE OF SERVICE

This is to certify that I have this day placed a copy of this Defendant's Requested

Jury Instructions in the United States Mail with sufficient postage for first class delivery

to the attorneys named below or parties if not represented by counsel.

**DONE** this the 6th day of October, 2006.

/s/ Daniel G. Hamm
_____
DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE DEFENDANT
**DANIEL HAMM, P.C.**
560 S. MCDONOUGH ST., STE.
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX               334-323-5666

Terry Moorer
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36101